NO. 07-10-0230-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 



JUNE 28, 2010

 



 

DAVID EUGENE
HAMILTON, APPELLANT

 

v.

 

THE STATE OF
TEXAS, APPELLEE 



 



 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO.
11,394; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

 

Appellant,
David Eugene Hamilton, appeals his conviction and sentence.  The clerk’s record has not been filed but as
required by Rule of Appellate Procedure 25.2(e) the clerk of the trial court
has forwarded a copy of appellant’s notice of appeal and certification of right
of appeal to the clerk of this court. 
The certification form, although signed by the judge of the trial court
on June 17, 2010, was not signed by appellant or his counsel.  

Effective
September 1, 2007, Rule of Appellate Procedure 25.2(d) was amended to require
certifications executed after the effective date to be signed by the appellant
and a copy served on him.  Tex. R. App.
P. 25.2(d); Mason v. State, No.
07-07-0383-CR, 2008 Tex. App. Lexis 3956 (Tex.App.Amarillo
May 29, 2008) (per curiam order, not designated for publication).  Consequently, we abate the appeal and remand
the cause to the 46th District Court of Wilbarger County for further
proceedings.  On remand, the trial court
shall utilize whatever means it finds necessary to secure and file with this
court a certificate of right to appeal that complies with Rule 25.2(d).  Tex. R. App. P. 25.2(d).

If
necessary, the trial court shall execute findings of fact, conclusions of law,
and any necessary orders it may enter regarding the aforementioned issues and
cause its findings, conclusions, and orders, if any, to be included in a
supplemental clerk’s record. Any hearing of the matter shall be stenographically recorded and the transcription included in
a supplemental reporter’s record.  The
trial court shall file the supplemental clerk’s record and the supplemental
reporter’s record, if any, with the clerk of this court by July 26, 2010.[1]

It is so ordered.

Per Curiam

Do not publish. 











[1]On the certification form delivered to the clerk of
this court, the trial court indicated appellant entered a plea bargain, has no
right of appeal, and has waived the right of appeal.  At this stage, we express no opinion on the
effect these findings may have on appellant’s right of appeal.